**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

FRANK BRIAN BENNETT,

      Petitioner,

v.

SHANE JACKSON,[1]

      Respondent.

_____/

Civil No. 2:15-CV-13712
HONORABLE SEAN F. COX
UNITED STATES DISTRICT COURT

## OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS

Frank Brian Bennett, ("Petitioner"), incarcerated at the Carson City Correctional Facility in Carson City, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C.§ 2254. In his *pro se* application, petitioner challenges his conviction for four (4) counts of third-degree criminal sexual conduct (CSC III), M.C.L.A. § 750.520(1)(b).

For the reasons stated below, the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

### I. Background

Petitioner was convicted following a jury trial in the Oakland County Circuit Court. This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals,

---

[1] The caption is amended to reflect the current respondent is Warden Shane Jackson.

1

which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See*

*Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

> [B]ennett committed four counts of CSC III, two involving penetration of the victim's vagina and two premised on fellatio with the victim. The victim testified that defendant Bennett physically forced her to perform fellatio on at least five occasions, and forced the victim to have sexual intercourse with him on at least five occasions. The victim's testimony describ[ed] the forced penetrations, together with her description of consistent acts of physical abuse by defendant Bennett during the entirety of the victim's approximately five-week residency in the cabin[.]

*People v. Bennett*, No. 299829, 2012 WL 6097317, at *4 (Mich. Ct. App. Dec. 6, 2012).

Petitioner's conviction was affirmed on direct appeal. *Id.*; *lv. den.* 494 Mich. 870, 832 N.W.2d 212 (Mich. 2013).

Petitioner filed a post-conviction motion for relief from judgment, which was denied. *People v. Bennett,* No. 10-230356-FH (Oakland Cty.Cir.Ct., July 10, 2014). The Michigan appellate courts denied petitioner leave to appeal. *People v. Bennett,* No. 324013 (Mich.Ct.App. Dec. 11, 2014); *lv. den.* 498 Mich. 883, 869 N.W.2d 568 (2015).

Petitioner seeks a writ of habeas corpus on the following grounds:

> I. The "aiding and abetting" jury instruction given by the Court was improper, was based on a clearly erroneous fact determination [that Defendant-Appellant was "charged" with aiding/abetting], and denied Defendant-Appellant his rights of due process under the state and federal constitutions.

> II. The trial court's supplemental instruction to the Jury regarding its observations of Defendant-Appellant's conduct in the courtroom was plain error, and denied Defendant-Appellant his due process rights under the Michigan and United States Constitutions.

III. The trial court's failure to rule pre-trial on Defendant-Appellant's intention to present evidence of the alleged victim's prior false and unsubstantiated allegations of sexual abuse, and limitation during trial of Defendant-Appellant's ability to examine witnesses with respect to those false and unsubstantiated allegations was an abuse of discretion and denied to Defendant his due process right to present a defense.

IV. A verdict should have been directed for Defendant-Appellant on each count of CSC III because the prosecutor failed to present evidence sufficient to establish every element of the offenses beyond a reasonable doubt.

V. The Court should reverse the jury's verdict in this case as against the great weight of the evidence because the record clearly preponderates against a guilty verdict.

VI. Defendant was prejudiced by the prosecutor's improper comments made during voir dire.

VII. Defendant-Appellant's trial counsel was constitutionally ineffective by failing to object to the trial court's decision to tell the jury that it was permitted to utilize non-evidence in determining Defendant-Appellant's guilt or innocence.

VIII. Defendant-Appellant was denied his due process right to a fair trial by the cumulative impact of the deficiency of his representation, the improper instruction on aiding and abetting, the trial court's improper and grossly prejudicial response to the jury's question about Defendant-Appellant's courtroom conduct, and the prosecutor's efforts to taint the jury during voir dire.

IX. The trial court's interpretation of Offense Variable 8 as to asportation was legally incorrect and, on de novo review, this matter should be remanded for resentencing.

X. Trial counsel was ineffective during pre-trial stages of the proceedings making their performance deficient, thus violating defendants [sic] state and constitutional rights to effective trial counsel.

A. Failure to perform a proper investigation or present a defense.

B. Trial counsel was ineffective for not filing proper pretrial motions during a

critical phase in the proceedings

XI. Appellate counsel provided ineffective assistance of counsel by neglecting to raise these issues on direct appeal and satisfies the "Good Cause" requirement.

## II.  Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty

Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state

court arrives at a conclusion opposite to that reached by the Supreme Court on a question

of law or if the state court decides a case differently than the Supreme Court has on a set of

materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An

"unreasonable application" occurs when "a state court decision unreasonably applies the law

of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.  A federal habeas court

may not "issue the writ simply because that court concludes in its independent judgment that

the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court has explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010)(quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002)(*per curiam*)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102 (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)). Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.*

Petitioner filed a petition with this Court, raising eleven claims. The Sixth Circuit observed: "When a party comes to us with nine grounds for reversing the district court, that usually means there are none." *Fifth Third Mortgage v. Chicago Title Ins.*, 692 F.3d 507,

509 (6th Cir. 2012).

## III.  Discussion

### A.  Claim # 1.  The jury instruction claim.

Petitioner contends that the judge erred in giving the jurors an instruction on aiding and abetting when he was not charged as an aider/abettor.

The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack upon the constitutional validity of a state court conviction is even greater than the showing required in a direct appeal.  The question in such a collateral proceeding is whether the ailing instruction so infected the entire trial that the resulting conviction violates due process, not merely whether the instruction is undesirable, erroneous, or even "universally condemned," and an omission or incomplete instruction is less likely to be prejudicial than a misstatement of the law. *Henderson v. Kibbee*, 431 U.S. 145, 154-155 (1977).  Further, any ambiguity, inconsistency or deficiency in a jury instruction does not by itself necessarily constitute a due process violation. *Waddington v. Sarausad*, 555 U.S. 179, 190 (2009).  It is not enough that there might be some "slight possibility" that the jury misapplied the instruction. *Id.* at 191.

Under Michigan law, a criminal defendant may be charged as a principal but convicted as an aider and abettor without violating due process. *See People v. Turner*, 213 Mich. App. 558, 568; 540 N.W.2d 728 (1995); *overruled in part on other grounds in People v. Mass*, 464 Mich. 615, 628; 628 N.W.2d 540 (2001).  Likewise, under federal law, a defendant may be indicted for the commission of a substantive crime as a principal offender

and convicted of aiding and abetting its commission, although not named in the indictment as an aider and abettor, without violating federal due process. *See Hill v. Perini*, 788 F.2d 406, 407 (6th Cir. 1986)(citing *Stone v. Wingo*, 416 F.2d 857 (6th Cir. 1969)). It is not improper for a state trial court to instruct a jury on the elements of aiding and abetting, even if the habeas petitioner was charged as the principal. *Hill,* 788 F.2d at 408; *see also O'Neal v. Morris*, 3 F.3d 143, 145 (6th Cir. 1993), *rev'd on other grounds sub nom O'Neal v. McAninch*, 513 U.S. 432 (1995).

The record shows that petitioner and his co-defendant threatened and abused J. G. on numerous occasions. (T. 6/18/2010, pp. 38, 42-45, 48-53). As a result, the trial court judge found that one defendant could have assisted the other defendant in abusing J. G. (T. 6/24/2010, p. 93). J. G. also testified that petitioner and his co-defendant sometimes abused her at the same time. (T. 6/18/2010, p. 49, 53-54, 146).

The Michigan Court of Appeals reasonably found:

> With respect to the intent element, given the consistent nature of both defendants' physical abuse of the victim, threats of death and physical harm to the victim and others, and repeated acts of penetration of the victim (separately and together) in the cabin's mostly open space, the juries could reasonably find that at the time defendants gave aid and encouragement, they knew that their codefendant intended to unlawfully sexually penetrate the victim.

> For these reasons, the trial court correctly instructed the jury with respect to aiding and abetting because a rational view of the evidence established that more than one person was involved in committing the charged crimes, and the individual defendant's roles 'in the crime may have been less than direct participation in the wrongdoing.'

*People v. Bennett*, No. 299829, 2012 WL 6097317, at *3. (internal citation omitted).

Moreover, given that petitioner's defense was that the sexual acts were consensual and the victim was incredible due to her mental limitations, the aiding and abetting instruction was appropriate because the prosecutor "was entitled to respond to this defense by contending that it failed even on its own terms through an aiding-and-abetting theory of liability." *Rashad v. Lafler*, 675 F.3d 564, 569-70 (6th Cir. 2012). Petitioner is not entitled to relief on his first claim.

**B. Claims ## 2 and 7. The jury instruction/ineffective assistance of counsel claims.**

The court combines issues 2 and 7 because they are interrelated.

Petitioner alleges that he was denied due process when the trial court judge instructed the jury to use their common sense when they asked whether they could consider petitioner's in-court demeanor in their deliberations and that trial counsel was ineffective by agreeing to such an instruction.

First, petitioner waived his jury instruction claim when trial counsel agreed to the instruction. Waiver is an "'intentional relinquishment of a known right.'" *United States v. Olano*, 507 U.S. 725, 733 (1993)(quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). A criminal defendant who has waived his rights "may not then seek appellate review of claimed deprivation of those rights, for his waiver has extinguished any error." *United States v. Griffin*, 84 F.3d 912, 924 (7th Cir. 1996)(citing *Olano*, 507 U.S. at 733-34). *See also Shahideh v. McKee*, 488 F. App'x 963, 965 (6th Cir. 2012)("waiver is a recognized, independent and adequate state law ground for refusing to review alleged trial errors"). A

defendant in a criminal case cannot complain of error which he himself has invited. *Shields v. United States*, 273 U.S. 583, 586 (1927). When a petitioner invites an error in the trial court, he is precluded from seeking habeas corpus relief for that error. *See Fields v. Bagley,* 275 F.3d 478, 486 (6th Cir. 2001).

The Michigan Court of Appeals reasonably found that this claim was waived by trial counsel's agreement to the instruction. "Bennett's attorney affirmatively expressed that defendant Bennett had no objection to the trial court's responses to several notes the jury sent during deliberations, thus extinguishing any error and waiving appellate review of his contention concerning the supplemental instruction." *People v. Bennett*, 2012 WL 6097317, at *5.

Secondly, the jury's request of "Can we consider our direct observations of the defendant's behavior in the courtroom," (T. 6/25/2010, p. 50), was neutral. Petitioner takes issues with the consideration of his body language which was also the subject matter of petitioner's motion for a new trial. In his motion and within petitioner's appellate brief, which was attached in support of his habeas petition, petitioner makes reference to a "fist bump" exchanged between petitioner and his co-defendant in reaction to a perceived weakness in the prosecution's case or a witnesses' examination. Although petitioner submits that this should not be considered as evidence entered at trial, petitioner's presence invites the jury to consider his demeanor. Although petitioner has not submitted any clearly establish Supreme Court precedence precluding such a supplemental instruction, the Fifth Circuit has found that "it is inevitable that jurors will observe a defendant at counsel table

during the course of trial. Some jurors may form opinions from these observations regardless of instructions given them by the court." *United States v. Mendoza*, 522 F.3d 482, 491 (5th Cir. 2008). "This is a natural consequence of a defendant's decision to exercise his right to be present at trial." *Id.* Petitioner's supplemental jury instruction claim is waived and meritless.

Furthermore, because the trial court judge's instruction to use their "common sense" when asked if they could take into consideration petitioner's courtroom demeanor was proper, counsel was not ineffective for failing to object to the court's instruction. "An attorney's failure to object to jury instructions is deficient only if the petitioner can establish that the instructions were inaccurate." *Daniels v. Lafler*, 501 F.3d 735, 743 (6th Cir. 2007). Petitioner has failed to show that counsel was deficient in failing to object to the judge's instruction; thus, he is not entitled to relief on his ineffective assistance of counsel claim. *Welch v. Burke*, 49 F. Supp. 2d 992, 1010 (E.D. Mich. 1999).

### C. Claim # 3. The prior false sexual allegation claim.

Petitioner alleges that he was denied his right to present a complete defense because the judge failed to rule on the admissibility of defense counsel's intention to use the victim's prior false claims of sexual abuse at the beginning of trial, which denied counsel an opportunity to mention the allegations in his opening argument.

Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he also has the right to present his own witnesses

to establish a defense. This right is a fundamental element of the due process of law. *Washington v. Texas*, 388 U.S. 14, 19 (1967); *see also Crane v. Kentucky,* 476 U.S. 683, 690 (1986)("whether rooted directly in the Due Process Clause or the Fourteenth Amendment, or in the Compulsory Process or Confrontation clauses of the Sixth Amendment, the Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense'")(internal citations omitted). However, an accused in a criminal case does not have an unfettered right to offer evidence that is incompetent, privileged, or otherwise inadmissible under the standard rules of evidence. *Montana v. Egelhoff*, 518 U.S. 37, 42 (1996). The Supreme Court, in fact, has indicated its "traditional reluctance to impose constitutional constraints on ordinary evidentiary rulings by state trial courts." *Crane,* 476 U.S. at 689. The Supreme Court gives trial court judges "wide latitude" to exclude evidence that is repetitive, marginally relevant, or that poses a risk of harassment, prejudice, or confusion of the issues. *Id.* (citing *Delaware v. Arsdall,* 475 U.S. 673, 679 (1986)). Finally, rules that exclude evidence from criminal trials do not violate the right to present a defense unless they are "'arbitrary' or 'disproportionate to the purposes they are designed to serve.'" *United States v. Scheffer*, 523 U.S. 303, 308 (1998)(quoting *Rock v. Arkansas*, 483 U.S. 44, 56 (1987)).

Under the standard of review for habeas cases as enunciated in § 2254(d)(1), it is not enough for a habeas petitioner to show that the state trial court's decision to exclude potentially helpful evidence to the defense was erroneous or incorrect. Instead, a habeas petitioner must show that the state trial court's decision to exclude the evidence was "an

objectively unreasonable application of clearly established Supreme Court precedent." *See Rockwell v. Yukins,* 341 F.3d 507, 511-12 (6th Cir. 2003). Additionally, "the Supreme Court has made it perfectly clear that the right to present a 'complete' defense is not an unlimited right to ride roughshod over reasonable evidentiary restrictions." *Id.* at p. 512.

The Michigan Court of Appeals, when addressing petitioner's claim of pre-trial uncertainty of admitting the victim's prior claim of sexual abuse, referenced the fact that petitioner failed to consider the Michigan rape-shield statute in his due process claim. M.C.L. 750.520j(1), commonly known as the rape-shield law, provides:

> Evidence of specific instances of the victim's sexual conduct, opinion evidence of the victim's sexual conduct, and reputation evidence of the victim's sexual conduct shall not be admitted [in a criminal sexual conduct prosecution] unless and only to the extent that the judge finds that the following proposed evidence is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value:
>
> (a) Evidence of the victim's past sexual conduct with the actor.
> (b) Evidence of specific instances of sexual activating showing the source or origin of semen, pregnancy, or disease.

After referencing the Rape Shield Statute, the Michigan Court of Appeals found that prior to the victim's testimony on the second day of trial, a hearing was held to address trial counsel's offer of proofs regarding the victim's false accusation of sexual abuse by her husband. The victim denied any prior claims of sexual abuse. As a result, the trial court allowed testimony pertaining to the sexual abuse, which was offered at trial and utilized in closing argument. The Michigan Court of Appeals summarized that petitioner received a full opportunity to present his defense at trial "in light of the trial court's admission of

[defense witness] testimony to the victim's unsubstantiated claims of sexual assault by her husband, and defendant Bennett's reference to the victim's false allegations in his closing argument[.]" *Bennett*, 2012 WL 6097317, at *7.

Petitioner was not denied his right to present a complete defense and was allowed to argue that the victim previously made false allegations of sexual abuse. Trial counsel extensively cross-examined the victim about claims of sexual abuse by her husband (T. 6/18/2010, pp. 68-73), called witnesses to testify to reports made by the victim of sexual abuse by her husband (T. 6/24/2010, pp. 9-11), and argued during closing argument that "it is not uncommon for [J. G.] to accuse someone of doing something to her." (T. 6/25/2010, p. 20).

The trial court's delay in ruling on the admissibility of the false sexual abuse allegations was not so egregious that it effectively denied petitioner a fair trial, in light of the fact that petitioner was not completely barred from bringing in these allegations. *See Fleming v. Metrish*, 556 F.3d 520, 535-36 (6th Cir. 2009). With the quantum of evidence on the defense theory in the record, this Court concludes that the petitioner was afforded "a meaningful opportunity to present a complete defense." *Allen v. Howes,* 599 F. Supp. 2d 857, 873 (E.D. Mich. 2009)(citing *Crane*, 476 U.S. at 690 (citation and internal quotations omitted)). The Michigan Court of Appeals reasonably found that petitioner was provided an opportunity to present a complete defense. Petitioner is not entitled to relief on his third claim.

**D. Claims ## 4 and 5. The motion for a directed verdict and sufficiency of the**

**evidence claims.**

The court will consolidate petitioner's fourth and fifth claims together because they are interrelated.

Petitioner alleges that he was entitled to a directed verdict because the evidence presented at trial was insufficient to sustain a conviction for criminal sexual conduct (CSC III), and that the jury's verdict was against the great weight of the evidence.

It is beyond question that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship,* 397 U.S. 358, 364 (1970). But the critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is, "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979). This inquiry, however, does not require a court to "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* at 318-19 (internal citation and footnote omitted)(emphasis in the original).

A federal habeas court may not overturn a state court decision that rejects a sufficiency of the evidence claim merely because the federal court disagrees with the state court's resolution of that claim. Instead, a federal court may grant habeas relief only if the state court decision was an objectively unreasonable application of the *Jackson* standard.

*See Cavazos v. Smith,* 565 U.S. 1, 2 (2011). "Because rational people can sometimes disagree, the inevitable consequence of this settled law is that judges will sometimes encounter convictions that they believe to be mistaken, but that they must nonetheless uphold." *Id.* For a federal habeas court reviewing a state court conviction, "the only question under *Jackson* is whether that finding was so insupportable as to fall below the threshold of bare rationality." *Coleman v. Johnson*, 566 U.S. 650, 656 (2012). A state court's determination that the evidence does not fall below that threshold is entitled to "considerable deference under [the] AEDPA." *Id.*

Finally, on habeas review, a federal court does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor was observed at trial. *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983). It is the province of the factfinder to weigh the probative value of the evidence and resolve any conflicts in testimony. *Neal v. Morris*, 972 F.2d 675, 679 (6th Cir. 1992). A habeas court must therefore defer to the fact finder for its assessment of the credibility of witnesses. *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003). The Court also does not apply the reasonable doubt standard when determining the sufficiency of evidence on habeas review. *Walker v. Russell*, 57 F.3d 472, 475 (6th Cir. 1995).

Petitioner initially claims that there was insufficient evidence to convict him of criminal sexual conduct (CSC III), thus, the trial court erred in denying his motion for a

directed verdict of acquittal. [2]

A person is guilty under Michigan law of third-degree criminal sexual conduct (CSC III) if he engages in sexual penetration with another person and force or coercion is used to accomplish the sexual penetration. Mich. Comp. Laws § 750.520d(1)(b).  Force or coercion includes, but is not limited to, the following circumstances:

> (1) When the actor overcomes the victim through the actual application of physical force or physical violence;
> (2) When the actor coerces the victim to submit by threatening to use force or violence on the victim, and the victim believes that the actor has the present ability to execute these threats; or
> (3) When the actor coerces the victim to submit by threatening to retaliate in the future against the victim, or any other person, and the victim believes that the actor has the ability to execute this threat.

Mich. Comp Laws § 750.520b(1)(f)(i)-(iii); Mich. Comp Laws § 750.520d(1)(b).

"The existence of force or coercion is to be determined in light of all the circumstances and is not limited to acts of physical violence." *People v. Malkowski*, 198 Mich. App. 610, 613; 499 N.W.2d 450 (1993).  The term "force" includes the exertion of strength or power on another person. *People v. Premo*, 213 Mich. App. 406, 409; 540 N.W.2d 715 (1995).  "[T]he prohibited 'force' encompasses the use of force against a victim to either induce the victim to submit to sexual penetration or to seize control of the victim in a manner to facilitate the accomplishment of sexual penetration without regard to the victim's wishes." *People v. Carlson*, 466 Mich. 130, 140; 644 N.W.2d 704 (2002).  The

---

[2] Petitioner's arguments regarding the trial court's failure to direct a verdict of acquittal should be construed by a reviewing court as an attack on the sufficiency of evidence to convict. *See e.g. United States v. Cope*, 312 F.3d 757, 778 (6th Cir. 2002).

term "coercion" includes circumstances that create a reasonable fear of dangerous consequences. *People v. McGill*, 131 Mich. App. 465, 470-472; 346 N.W.2d 572 (1984).

As the Michigan Court of Appeals noted in rejecting petitioner's claim, *see Bennett*, 2012 WL 6097317, at *4, there were multiple grounds to support the jury's findings that petitioner committed four (4) counts of CSC III as follows:

> Ample evidence supported the jury's finding that defendant Bennett committed four counts of CSC III, two involving penetration of the victim's vagina and two premised on fellatio with the victim. The victim testified that defendant Bennett physically forced her to perform fellatio on at least five occasions, and forced the victim to have sexual intercourse with him on at least five occasions. The victim's testimony describing the forced penetrations, together with her description of consistent acts of physical abuse by defendant Bennett during the entirety of the victim's approximately five-week residency in the cabin, permitted a rational jury to find beyond a reasonable doubt that defendant Bennett penetrated the victim by "overcom[ing] the victim through the actual application of physical force." MCL 750.520b(1)(f)(i); MCL 750.520d(1)(b). Furthermore, in light of the victim's description of repeated oral and vaginal penetrations by defendant Bennett during the several weeks she resided in the cabin, his repeated threats to kill or harm her or her family members, and her belief in the threats, a rational jury also could have found beyond a reasonable doubt that defendant Bennett penetrated the victim by coercion, in violation of MCL 750.520b(1)(f)(ii) ("the actor coerces the victim to submit by threatening to use force or violence on the victim, and the victim believes that the actor has the present ability to execute these threats"). Moreover, the evidence was sufficient to establish beyond a reasonable doubt that defendant Bennett committed at least four acts of CSC III in violation of MCL 750.520d(1)(c)(criminalizing sexual penetration when the defendant "knows or has reason to know that the victim is mentally incapable"), and MCL 750.520a(i) ("'[m]entally incapable' means that a person suffers from a mental disease or defect that renders that person temporarily or permanently incapable of appraising the nature of his or her conduct"), given (1) the victim's testimony regarding defendant Bennett's multiple penetrations of her; (2) testimony by a deputy sheriff that defendant Bennett conceded to knowing that the victim "was mentally challenged"; and (3) the testimony of several witnesses, Paul Martin, the man who helped the victim leave defendant Bennett's cabin, George Livingston, the longtime husband of the victim's

17

cousin who had known the victim for most of her life, and Dr. Robert Lacoste, the psychiatrist who had most recently evaluated the victim, that the victim's mental handicap or incapacity was readily apparent.

*People v. Bennett*, 2012 WL 6097317, at \*4. (footnotes omitted).

The record establishes that petitioner forced J. G. to perform fellatio on him and penetrated her vagina multiple times. (T. 6/18/10, pp. 43-45, 50). She resisted by kicking, hitting, and telling him that she was married.(*Id.* at 42-43, 146). Petitioner hit and kicked J. G. to force her compliance to the sexual acts. (*Id.* at 38). The SANE witness testified that the injuries sustained by J. G. were consistent with forced sexual assault. (T. 6/22/2010, p. 272).

The record also establishes that petitioner utilized threats to gain J. G.'s compliance. J. G. testified that she did not leave because she "was scared cause they threatened to kill my family." (T. 6/18/2010, p. 51). J. G. further testified that both petitioner and his codefendant threatened her, said they could kill men, women, children, and even old ladies because they did not care, and that they were willing to rape or sexually assault anyone. (T. 6/18/2010, pp. 51, 137, 146). J. G. testified that she believed petitioner and was still scared of him, even after leaving the cabin. (*Id.* at 146-148).

The record also establishes that petitioner knew or should have known that J. G. was mentally incapable. Petitioner admitted to knowing about J. G.'s handicap during a police interview (T. 6/22/2010, pp. 120, 123) and Dr. Lacoste testified at trial that J. G. suffers from a developmental disability that renders her functioning to that of a ten to fourteen-year-old and that her disability is readily apparent upon meeting her. (*Id.* at 144, 148, 163-164).

18

The Michigan Court of Appeals found that there was ample evidence to sustain a conviction for CSC III under three (3) subsections to the statute.

Furthermore, the trial court did not err by denying petitioner's motion for a directed verdict based on the sufficiency of the evidence. While he claims that the evidence was insufficient because the victim's testimony was incredible, an assessment of the credibility of witnesses is generally beyond the scope of federal habeas review of sufficiency of evidence claims. *Gall v. Parker*, 231 F.3d 265, 286 (6th Cir. 2000). The mere existence of sufficient evidence to convict defeats a petitioner's claim. *Id.* Attacks on witness credibility are simply challenges to the quality of the prosecution's evidence, and not to the sufficiency of the evidence. *Martin v. Mitchell,* 280 F.3d 594, 618 (6th Cir. 2002). Because petitioner's insufficiency of evidence claim rests on an allegation of the victim's credibility, which is the province of the jury, petitioner is not entitled to habeas relief. *See Tyler v. Mitchell,* 416 F.3d 500, 505 (6th Cir. 2005).

In his fifth claim, petitioner contends that the verdict went against the great weight of the evidence.

A federal habeas court has no power to grant habeas relief on the ground that a state conviction is against the great weight of the evidence. *Cukaj v. Warren,* 305 F. Supp. 2d 789, 796 (E.D. Mich. 2004); *Dell v. Straub,* 194 F. Supp. 2d 629, 648 (E.D. Mich. 2002); *See also Nash v. Eberlin*, 258 F. App'x 761, 764, n. 4 (6th Cir. 2007)("a manifest-weight-of-the-evidence argument is a state-law argument")*; Artis v. Collins,* 14 F. App'x 387 (6th Cir. 2001)(declining to grant certificate of appealability to habeas petitioner

on claim that jury's verdict was against the manifest weight of the evidence). A claim that a verdict went against the great weight of the evidence is not of constitutional dimension, for habeas corpus purposes, unless the record is so devoid of evidentiary support that a due process issue is raised. *Cukaj,* 305 F. Supp. 2d at 796; *see also Crenshaw v. Renico*, 261 F. Supp. 2d 826, 834 (E.D. Mich. 2003). The test for habeas relief is not whether the verdict was against the great weight of the evidence, but whether there was any evidence to support it. *Dell,* 194 F. Supp. 2d at 648. As long as there is sufficient evidence to convict petitioner of these crimes, the fact that the verdict may have gone against the great weight of the evidence would not entitle him to habeas relief. *Id.* Petitioner is not entitled to relief on his fifth claim.

### E. Claim # 6. The prosecutorial misconduct claim.

Petitioner alleges that the prosecutor tainted the jury during voir dire by emphasizing the traumatic nature of the events typically involved in a sexual assault and by probing a juror who brought up details pertaining to the residual effects on a victim he knew that was involved in a sexual assault. Petitioner references Transcript I, 6/15/2010, pp. 29-30.

"Claims of prosecutorial misconduct are reviewed deferentially on habeas review." *Millender v. Adams*, 376 F.3d 520, 528 (6th Cir. 2004)(citing *Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003)). A prosecutor's improper comments will be held to violate a criminal defendant's constitutional rights only if they "'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181 (1986)(quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)).

Prosecutorial misconduct will thus form the basis for habeas relief only if the conduct was so egregious as to render the entire trial fundamentally unfair based on the totality of the circumstances. *Donnelly v. DeChristoforo*, 416 U.S. at 643-45. In order to obtain habeas relief on a prosecutorial misconduct claim, a habeas petitioner must show that the state court's rejection of his prosecutorial misconduct claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Parker v. Matthews*, 567 U.S. 37, 48 (2012)(quoting *Harrington*, 562 U.S. at 103).

Petitioner contends that the prosecutor tainted the jury by asking a juror specific questions pertaining to a friend who was a rape victim. The questions were relevant in determining whether the juror would be impartial during the trial and whether the juror could render a fair verdict. Under the circumstances, the prosecutor did not commit misconduct by asking these questions during voir dire. *See Simpson v. Jones*, 238 F.3d 399, 409 (6th Cir. 2000)(Prosecutor did not inappropriately appeal for sympathy, but merely impressed jurors with importance of their task, during voir dire when he mentioned that prospective jurors would want a fair jury if a friend or relative was charged with felony murder, and they would equally want a fair jury if a friend or relative was the victim of felony murder).

The Michigan Court of Appeals initially found that this issue had not been preserved because petitioner did not lodge a timely, contemporaneous, objection to the prosecutors questions or comments. *See Bennett,* 2010 WL 6097317, at *9. The Court also found that

the line of questioning was proper. Because the issue was waived, and the line of questioning was proper in an attempt to determine whether the juror could be impartial, petitioner is not entitled to habeas relief on his sixth claim.

### F. Claim # 8. The cumulative error claim.

Petitioner alleges that he was denied due process due to the cumulative impact of the deficiency of trial counsel's representation, the improper aiding and abetting instruction, the trial court's improper and grossly prejudicial response to the jury's questions about petitioner's courtroom conduct, and the prosecutor's efforts to taint the jury during voir dire.

The Court has addressed each of petitioner's individual issues and found each to be meritless. Secondly, the cumulative weight of alleged constitutional trial errors in a state prosecution does not warrant federal habeas relief, because there is no clearly established federal law permitting or requiring the cumulation of distinct constitutional claims to grant habeas relief. *Moore v. Parker,* 425 F.3d 250, 256 (6th Cir. 2005). Petitioner is therefore not entitled to habeas relief on the grounds of cumulative error. *Id.*

### G. Claim # 9. The sentencing guideline claim.

Petitioner alleges that the trial court erred in scoring 15 points under Offense Variable 8. Petitioner submits that there was insufficient information in the record to support a finding that he held the victim captive beyond the time necessary to commit the charged offense or transported the victim to a place of greater danger.

State courts are the final arbiters of state law. *See Bradshaw v. Richey,* 546 U.S. 74, 76 (2005); *Sanford v. Yukins,* 288 F.3d 855, 860 (6th Cir. 2002). Therefore, claims which

arise out of a state trial court's sentencing decision are not normally cognizable on federal habeas review, unless the habeas petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *See Vliet v. Renico,* 193 F. Supp. 2d 1010, 1014 (E.D. Mich. 2002). This includes claims that the state trial court erred in scoring petitioner's sentencing guidelines offense variables. *Adams v. Burt,* 471 F. Supp.2d 835, 844 (E.D. Mich. 2007). A sentence imposed within the statutory limits is not generally subject to habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999).

Petitioner's claim that the state trial court incorrectly scored or calculated his sentencing guideline range under the Michigan Sentencing Guidelines is not cognizable for federal habeas review, because it is a state law claim. *McPhail v. Renico,* 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006). Therefore, errors in the application of the state sentencing guidelines cannot independently support habeas relief. *See Kissner v. Palmer*, 826 F.3d 898, 904 (6th Cir. 2016). Because, petitioner had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations[,]" any error by the trial court in calculating his guideline score would not merit habeas relief. *Doyle v. Scutt,* 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004). Petitioner is not entitled to relief on this claim.

## H.  Claims ## 10 and 11. The procedurally defaulted claims.

Respondent contends that petitioner's remaining claims are procedurally defaulted because petitioner raised these claims for the first time in his post-conviction motion and failed to show cause and prejudice for failing to raise these claims in his appeal of right, as

required by M.C.R. 6.508(D)(3).

Michigan Court Rule 6.508(D)(3) provides that a court may not grant relief to a defendant if the motion for relief from judgment alleges grounds for relief which could have been raised on direct appeal, absent a showing of good cause for the failure to raise such grounds previously and actual prejudice resulting therefrom. For purposes of a conviction following a trial, "actual prejudice" means that "but for the alleged error, the defendant would have had a reasonably likely chance of acquittal." M.C.R. 6.508(D)(3)(b)(i).

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). If petitioner fails to show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533 (1986). However, in an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986). To be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). In addition, "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624

(1998).

The Supreme Court has noted that "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on the procedural bar." *Harris v. Reed*, 489 U.S. 255, 263 (1989). If the last state court judgment contains no reasoning, but simply affirms the conviction in a standard order, the federal habeas court must look to the last reasoned state court judgment rejecting the federal claim and apply a presumption that later unexplained orders upholding the judgment or rejecting the same claim rested upon the same ground. *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).

The Michigan Court of Appeals and the Michigan Supreme Court rejected petitioner's post-conviction appeal on the ground that "the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." These orders, however, did not refer to subsection (D)(3) nor did they mention petitioner's failure to raise these claims on his direct appeal as their rationale for rejecting his post-conviction claims. Because the form orders in this case citing Rule 6.508(D) are ambiguous as to whether they refer to procedural default or a denial of post-conviction relief on the merits, the orders are unexplained. *See Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010). This Court must "therefore look to the last reasoned state court opinion to determine the basis for the state court's rejection" of petitioner's claims. *Id.*

In the present case, the Oakland County Circuit Court judge, in denying petitioner's post-conviction motion, found that petitioner could not establish "actual prejudice" because

each of the issues raised in petitioner's motion for relief from judgment were unsupported and meritless. *Bennett,* No. 10-230356-FH, Slip. Op. at 4. The trial court judge denied petitioner post-conviction relief based both on the procedural grounds stated in M.C.R. 6.508(D)(3), and on the merits; thus, petitioner's post-conviction claims are procedurally defaulted pursuant to M.C.R. 6.508(D)(3). *See Ivory v. Jackson,* 509 F.3d 284, 292-93 (6th Cir. 2007). *See also Howard v. Bouchard,* 405 F.3d 459, 477 (6th Cir. 2005). Petitioner's remaining claims are meritless and procedurally defaulted.[3]

Petitioner alleges ineffective assistance of appellate counsel as cause to excuse his procedural default. Petitioner, however, has not shown that appellate counsel was ineffective.

It is well-established that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983). The United States Supreme Court has explained:

> "For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every 'colorable' claim suggested by a client would disserve the ... goal of vigorous and effective advocacy.... Nothing in the Constitution or our interpretation of that document requires such a standard."

*Id.* at 463 U.S. at 754.

Moreover, "[a] brief that raises every colorable issue runs the risk of burying good arguments-those that, in the words of the great advocate John W. Davis, 'go for the

---

[3] Petitioner could not have procedurally defaulted any ineffective assistance of appellate counsel claim, because state post-conviction review was the first opportunity that he had to raise this claim. *See Guilmette*, 624 F.3d at 291. However, for the reasons stated below, petitioner is not entitled to habeas relief on this claim.

jugular,'-in a verbal mound made up of strong and weak contentions." *Id.* at 753. (citations omitted).

The Supreme Court has subsequently noted that:

> Notwithstanding *Barnes*, it is still possible to bring a *Strickland* [*v. Washington*, 466 U.S. 668 (1984)] claim based on [appellate] counsel's failure to raise a particular claim [on appeal], but it is difficult to demonstrate that counsel was incompetent."

*Smith v. Robbins,* 528 U.S. 259, 288 (2000).

Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). In fact, "the hallmark of effective appellate advocacy" is the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." *Smith v. Murray*, 477 U.S. at 536 (quoting *Barnes*, 463 U.S. at 751-52). "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome." *Monzo v. Edwards,* 281 F.3d 568, 579 (6th Cir. 2002). Appellate counsel may deliver deficient performance and prejudice a defendant by omitting a "dead-bang winner," which is defined as an issue which was obvious from the trial record and would have resulted in a reversal on appeal. *See Meade v. Lavigne,* 265 F. Supp. 2d 849, 870 (E.D. Mich. 2003).

Petitioner has failed to show that appellate counsel's performance fell outside the wide range of professionally competent assistance by omitting his tenth and eleventh claims. Appellate counsel filed a thirty-six (36) page brief which now makes up the first nine (9)

claims raised by petitioner in his habeas petition.[4]  Petitioner has not shown that appellate

counsel's strategy in presenting the nine (9) claims and not raising the other two (2) claims

was deficient or unreasonable.  Moreover, for the reasons stated by the Michigan Attorney

General in the answer to the petition for writ of habeas corpus, none of the claims raised by

petitioner in his post-conviction motion were "dead bang winners."  Because the defaulted

claims are not "dead bang winners," petitioner has failed to establish cause for his

procedural default of failing to raise these claims on direct review. *See McMeans v. Brigano,*

228 F.3d 674, 682-83 (6th Cir. 2000).  In addition, because these post-conviction claims

lack merit, this Court must reject any independent ineffective assistance of appellate counsel

claim raised by petitioner.  "[A]ppellate counsel cannot be found to be ineffective for

'failure to raise an issue that lacks merit.'" *Shaneberger v. Jones*, 615 F.3d 448, 452 (6th

Cir. 2010)(quoting *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001)).

## IV.  Conclusion

The Court will deny the petition for a writ of habeas corpus.  The Court will also deny

a certificate of appealability.  In order to obtain a certificate of appealability, a prisoner must

make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

To demonstrate this denial, the applicant is required to show that reasonable jurists could

debate whether, or agree that, the petition should have been resolved in a different manner,

or that the issues presented were adequate to deserve encouragement to proceed further.

---

[4]  *See* Appellant's Brief [This Court's Dkt. # 12-13, Pg ID 1788-1833].

*Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. Likewise, when a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because reasonable jurists would not find this Court's assessment of petitioner's claims to be debatable or wrong. *See Millender v. Adams,* 187 F. Supp. 2d 852, 880 (E.D. Mich. 2002). The Court further concludes that petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* Fed.R.App. P. 24(a).

## V. CONCLUSION

Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus. The Court further **DENIES** a certificate of appealability and leave to appeal

29

*in forma pauperis*.

      IT IS FURTHER ORDERED that Petitioner's motion for appointment of counsel is

DENIED.

      **SO ORDERED.**

Dated:  May 22, 2018                   s/Sean F. Cox_____
                                       Sean F. Cox
                                       U. S. District Judge

I hereby certify that on May 22, 2018, the foregoing document was served on counsel of record via electronic means and upon Frank Bennett via First Class mail at the address below:

FRANK BENNETT 773797
CARSON CITY CORRECTIONAL FACILITY
10274 BOYER ROAD
CARSON CITY, MI 48811

                                s/J. McCoy_____
                                Case Manager